NIAGARA REALTY COMPANY, A CORPORATION, PLAINTIFF, v. CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, A CORPORATION, DEFENDANT.

Submitted October term, 1932—Decided May 5, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the rule, Collins & Corbin (Edward A. Markley, of counsel).

Contra, Israel B. Greene.

Per Curiam.

This is the defendant's rule to show cause why plaintiff's default judgment should not be opened.

The judgment was entered in a suit on a bond given by the defendant as surety in an attachment suit begun by the plaintiff against one Michael which was prosecuted to a judgment for $3,914 and costs. That judgment not being paid the plaintiff brought this suit on the bond and this default judgment for $4,015.85 and costs was taken. The bond given to the plaintiff was conditioned as follows:

"Now, therefore, the condition of this obligation is such that if judgment should be rendered against the defendant in the attachment suit in which this bond is given, then the defendant will return the property heretofore attached, and this obligation shall be void, otherwise to remain in full force and virtue, provided, however, that the liability of the surety herein shall not exceed the sum of eight thousand dollars."

That bond seems to have been given pursuant to paragraph 2 of section 17 of the Attachment act. *Comp. Stat., p.* 141. It seems not to have been given pursuant either to paragraphs 1 or 3 or 4; it was not given to the sheriff; the procedure outlined in paragraph 3 was not followed; it was not conditioned as outlined in paragraph 4.

On this application to open the judgment it may be assumed from the proof that the defendant was surprised by the judgment entered against it by default.

The argument requiring consideration relates to the question of a meritorious defense. Such part of the argument as has to do with the pendency of the appeal of Michael in the original case requires no consideration now, because that appeal has been decided by an affirmance of the judgment by the Court of Errors and Appeals. *Niagara Realty Co.* v. *Michael,* 110 *N. J. L.* 518.

There remains for consideration the contention that under the condition of the bond the defendant is liable on the judgment in attachment for the value of the goods released, and not for the money judgment.

We have pointed out that the complaint in the action at

bar has as its subject-matter the bond given to the plaintiff by the defendant as surety, which bond was filed and approved by the court for the purpose of releasing the goods.

Considering the language of the bond and the statute there seems to be sufficient support for the contention that, under the bond in question, the defendant is only liable for the value of the goods released, to at least entitle the defendant to its day in court (and we need now decide no more). The proceedings and judgment by default now sought to be opened were *ex parte*, and further there was no affidavit in support of the default judgment as to the value of the property attached and later released when the bond of the defendant surety was approved and filed. In support of the application to open the judgment there was presented evidence tending to show that the value of the goods released was not more than $400.

Upon the whole we think there has been a sufficient showing to justify opening the judgment and allowing the defendant to answer, and it will be so ordered. The plaintiff is entitled to its costs on the motion.